IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAWSON CORDELL MARDANT, by and through
his Mother and Next Friend Melanie E. Walker          PLAINTIFF

v.                                          CAUSE NO. 1:18CV68-LG-RHW

THE CITY OF GULFPORT, MISSISSIPPI, ET AL.          DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [7] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 and/or Fed. R. Civ. P. 56 filed by the City of Gulfport. The Motion exclusively seeks dismissal of the Defendant, City of Gulfport. The Defendant Troy Peterson filed a "joinder in document." (*See* Joinder, ECF No. 9 and 10.)[1] The plaintiff has responded, and the City has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be granted. In addition the Court will *sua sponte* dismiss the remainder of plaintiff's claims against Sheriff Peterson and Chief Papania. The plaintiff will be granted an opportunity to file an amended complaint.

---

[1]Defendant's "joinder in documents" appear to be an effort by the Defendant to piggyback on the City's Motion. Defendant seeks relief in the form of 12(b)(6) dismissal without the filing of a separate motion and memorandum brief in support of the motion. L.U.Civ.R. 7(b) provides that "any written communication with the court that is intended to be an application for relief or other action by the court ***must*** be presented by a motion in the form prescribed by this Rule." (emphasis added). Thus, assuming that Defendant's pleadings are intended as an application for relief, the Court will not construe Defendant's pleadings as a properly filed motion or grant relief based solely upon pleadings styled as a "joinder in documents."

FACTS AND PROCEDURAL HISTORY

The plaintiff is a minor child who alleges he was subjected to excessive force when police officers, their identity unknown at this time, raided his residence without a warrant. The plaintiff alleges that "without provocation, the officers pushed [him] to the ground and handcuffed [his] arms behind his back, using extreme, excessive, and unnecessary force to a compliant child." (Compl. 2, ECF No. 1-1.) He alleges substantial injuries as a result. His claims include violation of constitutional rights, plus state law claims of negligence, "humiliation, physical harm, and infliction of mental and emotional distress." (*Id*. at 3.) He has named as defendants the City of Gulfport; Leonard Papania, the Chief of Police for the City of Gulfport; and Troy Peterson, the Sheriff of Harrison County, Mississippi.

The City and Peterson seek dismissal on the grounds that the plaintiff has not alleged 1) a constitutional violation; or 2) that a policy or custom was the cause of a constitutional violation; and 3) the City cannot be liable for its employees' misconduct. Although styled as a motion to dismiss or for summary judgment, there are no documents outside of the pleadings attached to the defendants' motion for the Court's consideration. Accordingly, the Court examines the legal sufficiency of the plaintiff's claims under the Fed. R. Civ. P. 12(b)(6) standard.

DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Because this Motion concerns a § 1983 action against individual government officials, the Court is also to consider that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

The Court sets aside the question of whether the plaintiff has alleged a constitutional violation against the "John Doe" defendants for two reasons. First, there is no allegation of a policy or custom, and none of the remaining defendants can be held liable under § 1983 for the actions of their respective officers or subordinates under the theory of *respondeat superior*. Second, the plaintiff has failed to plead facts that tend to alleged that either Peterson or Papania, through his own actions, participated in, or personally were involved in the alleged incident.

### a. Claims Against the City and the Individual Defendants in their Official Capacities

"[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). To establish municipal liability under § 1983, a plaintiff must prove that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort*

*Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official action or imprimatur." *Peterson*, 588 F.3d 838 at 847 (internal quotation marks omitted). Further, municipalities are not liable under § 1983 on the theory of respondeat superior. *Id.*

An official policy can exist in various forms, including written policy statements, regulations, ordinances, or "widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* (internal quotations omitted). The plaintiff may establish a custom or policy exists by demonstrating (1) a pattern of unconstitutional conduct by municipal actors or employees; or (2) a single unconstitutional act by a final policymaker. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010).

The only mention the plaintiff makes of an official policy or custom is that the "Defendants were acting under color of the statutes, ordinances, customs and usage of the City of Gulfport, Mississippi, and the Harrison County Sheriff's Department." (Compl. 2, ECF No. 1-1.) The plaintiff has alleged no facts which tend to show the existence of an official municipal policy, practice, or custom that led to violation of his constitutional rights, or an unconstitutional act by a final policymaker. This does not satisfy the pleading standard to survive a Rule 12(b)(6) motion to dismiss. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167

(5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."); *see also Twombly*, 550 U.S. at 556 (requiring a well-pleaded complaint to contain sufficient facts to show entitlement to relief). The only "specific fact" in the Complaint is the single incident at the plaintiff's residence, which does not establish liability. To plausibly "plead a practice so persistent and widespread as to practically have the force of law . . . a plaintiff must do more than describe the incident that gave rise to his injury." *Peña v. City of Rio Grande City, Tex.*, 879 F.3d 613, 622 (5th Cir. 2018) (internal citations and quotations omitted). Without facts of any policy, practice, or custom there can be no municipal liability under § 1983. Therefore, the § 1983 claims against the City of Gulfport will be dismissed pursuant to Rule 12(b)(6).

### b. *Claims Against Peterson and Papania in their Individual Capacities*

The complaint alleges no facts which tend to show that either Peterson or Papania was personally involved in the events at issue. This deficiency means that the plaintiff has not stated a claim for violation of constitutional rights against Peterson or Papania in their individual capacities because "vicarious liability is inapplicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 676. The Court may *sua sponte* dismiss these claims pursuant to Rule 12(b)(6) as long as the plaintiff is given an opportunity to respond to the Court's intention to do so. *See Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008). The plaintiff will be given

the opportunity to amend his complaint to address the deficiencies noted by the Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 and/or Fed. R. Civ. P. 56 filed by the City of Gulfport is **GRANTED**. Plaintiff's claim against the City of Gulfport is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff's claims against Sheriff Troy Peterson and Chief of Police Leonard Papania are *sua sponte* dismissed pursuant toe Fed. R. Civ. P. 12(b)(6). The plaintiff is granted fourteen (14) days within which to prepare a motion to file an amended complaint, attaching the proposed amended complaint as an exhibit. *See* L.U.Civ.R. 15.

**SO ORDERED AND ADJUDGED** this the 7th day of November, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE